UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIELLE BROWN,

        Plaintiff,

v.

MCLAREN PORT HURON and
MCLAREN HEALTH CARE
CORPORATION,

        Defendants.
_____/

Case No. 5:24-CV-11592
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF NO. 34)

**A.    Background**

Plaintiff Danielle Brown brought this action on June 19, 2024 as a collective action complaint against Defendants McLaren Port Huron and McLaren Health Care Corporation. Plaintiff amended her complaint on November 1, 2024 (ECF No. 25), and the amended complaint is now the operative pleading. Plaintiff filed the instant motion to compel on February 14, 2025 (ECF No. 34), and Judge Levy referred the motion to me for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 35.)

The matter has been fully briefed, and I conducted a hearing on March 26, 2025.

**B.     Order**

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel (ECF No. 34), as framed by the joint statement of resolved and unresolved issues (ECF No. 39), is **GRANTED IN PART AND DENIED IN PART** as set forth below. In making this determination, the Court is mindful of Federal Rule of Civil Procedure 26(b)(1), which allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."  The Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*  Finally, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

1. **Unresolved Issue No. 1.  Patient Charting Activity Information (RFPs 8, 9; ECF 34-1, PageID.625-626)**
2. **Unresolved Issue No. 2. Access Badge Swipes (RFP 7; ECF 34-1, PageID.624)**

The parties' arguments as to both unresolved issues are similar, and the Court will address them together.

2

As to both unresolved issues, the Court finds that the discovery requests seek information relevant to Plaintiff's claim as they relate to the "similarly situated" analysis for notice to the putative class members, and thus the Court overrules Defendants' objections as to relevance. Defendants also object that the requests are unduly burdensome, but the Court overrules that objection as well. A party objecting to a request for production of documents as unduly burdensome must submit affidavits or other evidence to substantiate its objections. *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 410-411 (N.D. Ohio 2011); *Sallah v. Worldwide Clearing, LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012); *Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 14 (D.D.C. 2008). Defendants did not provide any affidavit explaining the purported burden, and they have not shown that the electronic information is not reasonably accessible as required under Federal Rule of Civil Procedure 26(b)(2)(B).

The Court also overrules the objections as to proportionality and finds that the discovery is proportional to the needs of the case, particularly at Stage 1 of the discovery which is focused on the "similarly situated" analysis. In so finding, the Court has considered the issues at stake, the amount in controversy, the parties' relative resources and access to the information, whether the burden or expense of the proposed discovery outweighs its likely benefit, whether the discovery sought is cumulative or duplicative, whether the discovery sought can be obtained from a

more convenient, less burdensome, or less expensive source and the importance of the discovery to the issues in the case.

Finally, Defendants object that the requests are overbroad. The Court is at least partially persuaded by this objection and finds that the requests *as written* are overbroad. Instead, the Court will limit the discovery to responsive information regarding Plaintiff, the opt-ins, plus a sampling of 100 putative plaintiffs. The Court will leave to the parties as to how the sampling is selected. The information shall be provided with the putative class member names redacted.

For all of these reasons, the Court **GRANTS IN PART** the motion and **ORDERS** Defendants to respond to the limited requests, as narrowed by the Court on the record.

Responsive documents must be produced by **April 16, 2025**, unless the parties agree to different date.

No costs will be awarded to either side, as neither side wholly prevailed in their position. *See* Fed. R. Civ. P. 37(a)(5).

**IT IS SO ORDERED.**[1]

Dated: March 26, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).